IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No. 5:17-CR-272 (NAM) |
| | ) |
| v. | ) Indictment |
| | ) |
| | ) Violation: 21 U.S.C. §§ 841(a)(1) and |
| | )             846 [Marijuana Conspiracy] |
| JEREMY THOMPSON, a/k/a J, | ) |
| DELOYD LESANE, a/k/a Chop, | ) |
| CASEY OAKES, a/k/a Ratchet, and | ) |
| BENJAMIN OTIS, a/k/a B.O., a/k/a B, | ) 1 Count |
| | ) |
| | ) |
| Defendants. | ) County of Offense: Onondaga and elsewhere |

U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
SEP 20 2017
AT____ O'CLOCK
Lawrence K. Baerman, Clerk - Syracuse

**THE GRAND JURY CHARGES:**

COUNT 1
[Marijuana Conspiracy]

Between in or about October 2015 and in or about August 2016, in Onondaga County, in the Northern District of New York, and elsewhere, the defendants, **JEREMY THOMPSON, a/k/a J, DELOYD LESANE, a/k/a Chop, CASEY OAKES, a/k/a Ratchet, and BENJAMIN OTIS, a/k/a B.O., a/k/a B**, and others conspired to knowingly and intentionally distribute and possess with intent to distribute marijuana, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. As to defendants **JEREMY THOMPSON, a/k/a J, DELOYD LESHANE, a/k/a Chop, CASEY OAKES, a/k/a Ratchet, and BENJAMIN OTIS, a/k/a B.O., a/k/a B**, that violation involved one hundred (100) kilograms or more of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(B).

**ALLEGATION REGARDING PRIOR FELONY DRUG CONVICTIONS**

1.  Count One is re-alleged herein and incorporated by reference.

2.    Defendant **JEREMY THOMPSON, a/k/a J**, is subject to increased punishment, pursuant to Title 21, United States Code, Section 841(b)(1)(B) because of the following prior conviction for a felony drug offense which has become final: on or about February 25, 2002, in St. Lawrence County Court, **THOMPSON** was convicted of Criminal Sale of a Controlled Substance in the 5th degree (case 2002-005), in violation of New York State Penal Law, Section 220.31, and on that date was sentenced to 110 days imprisonment and 5 years probation

3.    Defendant **DELOYD LESANE, a/k/a Chop**, is subject to increased punishment, pursuant to Title 21, United States Code, Section 841(b)(1)(B) because of the following prior conviction for a felony drug offense which has become final: on or about December 6, 2012, in St. Lawrence County Court, **LESANE** was convicted of Criminal Sale of a Controlled Substance in the 3rd degree (case 2012-115A), in violation of New York State Penal Law, Section 220.39, and on that date was sentenced to 3 years imprisonment.

## FORFEITURE ALLEGATION

1.    The allegations contained in Count One of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853.

2.    Pursuant to Title 21, United States Code, Section 853, upon conviction of offenses in violation of Title 21, United States Code, Sections 841 and 846, the defendants, **JEREMY THOMPSON, a/k/a J, DELOYD LESANE, a/k/a Chop, CASEY OAKES, a/k/a Ratchet,** and **BENJAMIN OTIS, a/k/a B.O., a/k/a B,** shall forfeit to the United States of America any property constituting, and derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, and intended to be used, in any manner and part, to commit, and

2

to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to, the following:

    A.    **Money Judgment:**

A money judgment equal to the value of the unrecovered proceeds obtained by each defendant:

        1.    **JEREMY THOMPSON, a/k/a J**, not less than $1,000,000

        2.    **DELOYD LESANE, a/k/a Chop**, not less than $500,000

        3.    **CASEY OAKES, a/k/a Ratchet**, not less than $500,000

        4.    **BENJAMIN OTIS, a/k/a B.O., a/k/a B**, not less than $500,000

    B.    **Personal Property:**

Any property used, and intended to be used, in any manner or part, to commit, and to facilitate the commission of the offense.

3. If any of the property described above, as a result of any act or omission of the defendants:

    A.    cannot be located upon the exercise of due diligence;

    B.    has been transferred or sold to, or deposited with, a third party;

    C..    has been placed beyond the jurisdiction of the court;

    D.    has been substantially diminished in value; or

    E..    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

Dated: September 20, 2017

**TRUE BILL,**   *Name Redacted

_____
Grand Jury Foreperson

RICHARD S. HARTUNIAN
United States Attorney

By: *[signature]*
Carl G. Eurenius
Assistant United States Attorney
Bar Roll No. 511746

4